FILED
2023 May-18  AM 10:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **MARY SLAUGHTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **WALKER COUNTY BOARD OF** | ) | |
| **EDUCATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

## INTRODUCTION

1.      This is an action for legal and equitable relief to redress unlawful discrimination on the basis of race and unlawful retaliation against the Plaintiff, Mary Slaughter, (hereinafter "Plaintiff"), an employee of the Walker County Board of Education.  This suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Plaintiff requests a trial by jury of all triable issues.

1

**JURISDICTION AND VENUE**

2.      Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

1.      Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 1343(a)(3) and 42 U.S.C. § 2000e, *et. seq.*

2.      This action is brought within the State where the unlawful employment practices were committed, making venue proper under 42 U.S.C. 2000e-5(f)(3).

3.      Plaintiff's claims are authorized by 28 U.S.C. § § 2201 and 2202 (declaratory judgments), and Fed. R. Civ. P. Rule 57.

4.      Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**PARTIES**

5.      Plaintiff Mary Slaughter is an African-American female citizen of the United States and of the State of Alabama.  She is a resident of this Judicial District and Division.

6.      Defendant Walker County Board of Education At all times relevant hereto the Defendant has engaged in business in Walker County, Alabama and is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. At all times relevant to this action, the Defendant has maintained and operated a business in Alabama and has fifteen (15) or more

2

employees and is considered an employer for purposes of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

## ADMINISTRATIVE PROCEDURES

7.    Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination and retaliation that occurred during her employment with the Defendant.

8.    This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment.

9.    Plaintiff timely filed her Charge of Discrimination (420-2021-02390) (*Exhibit A*) against Defendant with the Equal Employment Opportunity Commission within 180 days of the commission of the unlawful employment practices alleged herein.

10.    Plaintiff filed suit within ninety (90) days of receipt of her Notice of Right to Sue.

11.    All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## STATEMENT OF FACTS

12.    Plaintiff is an African American female who was hired by the Defendant in August 1994. Plaintiff is currently a Director of Student Assessment and Guidance

3

Counseling and is highly qualified to hold this position. Plaintiff has a compilation of education, qualifications, skills, knowledge, training and experience, having served in numerous roles including Elementary Physical Education (PE) Teacher, High School Health and PE Teacher, Coach, Assistant Principal, and Principal

13. Plaintiff filed two prior Charges of Discrimination (Charge Numbers 420-2009-02717 and 420-2010-01783) against the Defendant for race and sex discrimination, and retaliation.

14. Currently, Plaintiff is the only African American employed as a supervisor within the central office and the only African American employed in a supervisory position within the district. Plaintiff is the only African American that has been employed as a LEA supervisor in the history of the entire organization, and Plaintiff is currently the longest sitting supervisor outside of the maintenance supervisor.

15. Plaintiff's immediate supervisor is Superintendent Dennis Willingham, a Caucasian male, and whom Plaintiff evaluated for several years as a school principal.

16. From September 2018 until present date, Plaintiff has been denied advancement opportunities because the Defendant consistently fails to post available positions, and instead cherry picks favored Caucasian employees to fill the vacancies. The Defendant further makes disparate assignments by giving the more lucrative, favorable career positions to Caucasian employees to justify a pay increase. Plaintiff has been offered no career positions, but only the frivolous duties

that the Caucasian employees have previously held or have turned down due to their new career titles.

17.    Further, the Defendant provides Caucasian employees substantial wage increases without justification and outside of their minimum salary schedule; however, Plaintiff has been denied the opportunity for increased wages and the Defendant intentionally posted a job opening, the only one in which Plaintiff was qualified for, with specific, unusual stipulations requiring a doctorate degree.

18.    Plaintiff has also suffered irreputable harm in retaliation for filing prior charges of discrimination in that Plaintiff is singled out, isolated, and intentionally excluded from promotions and advancement. Three of the current five Board Members have knowledge of Plaintiff's prior filings and are directly involved in the continued disparate treatment.

19.    In January/May of 2021, Dr. Tonya Guin, a Caucasian female, was assigned three added career job titles, which were not posted: Elementary School Coordinator, Coordinator Reading Coach, and P3 and Literacy Coordinator. There were no postings for these vacancies. This resulted in a substantial pay increase for Dr. Guin.

20.    Further, in January/May of 2021, Steve Rowe, a Caucasian male, was assigned the added responsibilities of Administrative Assistant to the Superintendent and Human Resources Director - jobs which were not posted - resulting in a substantial pay increase.

21.    There are other examples of disparate treatment related to assignments, vacancies and pay increases based on race, including Patrick Gann, Dennis Willingham, Brad Elliott, Zack Hadder, Margaret Guthrie, and Rhonda Davison, all white males.

22.    In her current role Plaintiff has 16 schools/counselors under her supervision. Unlike other Caucasian supervisors, Plaintiff is denied the opportunity to fully act in her role in that Plaintiff is not allowed to interview, recommend, or assist in hiring for vacant positions under her leadership like other Caucasian supervisors, additionally Plaintiff is overlooked and hindered in the leadership of her team.

23.    Plaintiff has been denied professional development for advancement, and denied participation in meetings with principals, as well as being denied access to information that directly impacts those under Plaintiff's leadership. Most recently in July 2021 and again in October 2021, Plaintiff was denied participation in the recent superintendent conference while other Caucasians could attend.

24.    Plaintiff has complained of disparate treatment in the past, including the filing of two separate EEOC charges. It is common knowledge that Plaintiff was the lowest paid employee/supervisor among her Caucasian counterparts

25.    Plaintiff has been denied access to opportunity to advance in job positions and title and to increase her earnings due to available positions not being posted. In

response to Plaintiff's complaints, Plaintiff was offered additional duties (not career positions) that were previously refused by Caucasian employees.

26. Plaintiff has suffered a breakdown of her personal health as a direct result of the discrimination and retaliation she has been subjected to.

27. The Defendant has a habit and/or practice of allowing and condoning retaliation and discrimination based on race and sex.

28. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages because of Defendant's unlawful conduct. The actions of the Defendant have caused the Plaintiff financial loss, emotional distress, and a contracted quality of life.

29. Plaintiff has been discriminated against by Defendant based on her race, African American, and her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights act of 1991.

30. Plaintiff has been retaliated against by Defendant based on her previous EEOC charges in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights act of 1991.

**COUNT ONE**
**TITLE VII**
**RACE DISCRIMINATION**

31. Plaintiff hereby adopts and re-alleges paragraphs one (1) through thirty (30)

7

as if fully set forth herein.

32.    Plaintiff has been discriminated against because of her race due to the Defendant failing to follow its own procedures for posting job openings and selecting persons outside of the Plaintiff's protected class for those jobs.

33.    The Defendant has a habit and/or practice of allowing and condoning discrimination based on race.

34.    Plaintiff has suffered a breakdown of her personal health as a direct result of the discrimination she has been subjected to.

35.    Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages because of Defendant's unlawful conduct. The actions of the Defendant have caused the Plaintiff financial loss, emotional distress, and a contracted quality of life.

36.    Plaintiff has been discriminated against by Defendants based on her race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights act of 1991.

37.    The actions of the Defendant of willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect her legal rights. Consequently, the Plaintiff is entitled to recover attorney's fees in this

case from the Defendant.

38.     As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

39.     Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages because of Defendant's unlawful conduct. The actions of the Defendant have caused the Plaintiff financial loss, emotional distress, and a contracted quality of life.

### COUNT TWO
### PLAINTIFF'S CLAIMS OF RETALIATION
### IN VIOLATION OF TITLE VII

40.     Plaintiff hereby adopts and re-alleges paragraphs one (1) through thirty (30) as if fully set forth herein.

41.     Plaintiff has been retaliated against because of her prior EEOC charges due to the Defendant failing to follow its own procedures for posting job openings and refusing to promote the Plaintiff despite her high qualifications. The Plaintiff's supervisors were aware of her prior EEOC charges and have consequently refused to promote the Plaintiff.

42.     The Defendant has a habit and/or practice of allowing and condoning unlawful retaliation.

9

43.     Plaintiff has suffered a breakdown of her personal health as a direct result of the retaliation she has been subjected to by the Defendant.

44.     Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages because of Defendant's unlawful conduct. The actions of the Defendant have caused the Plaintiff financial loss, emotional distress, and a contracted quality of life.

45.     Plaintiff has been retaliated against by Defendants based on her prior EEOC charges in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights act of 1991.

46.     The actions of the Defendant of willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect her legal rights. Consequently, the Plaintiff is entitled to recover attorney's fees in this case from the Defendant.

47.     As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

**COUNT III**
**SEX DISCRIMINATION IN VIOLATION OF TITLE VII**

48.     Plaintiff hereby adopts and re-alleges paragraphs one (1) through thirty (30) as if fully set forth herein.

10

49. Plaintiff has been discriminated against because of her sex due to the Defendant failing to follow its own procedures for posting job openings and selecting persons outside of the Plaintiff's protected class for those jobs. It was only after Plaintiff that the Defendant promoted a female.

50. The Defendant has a habit and/or practice of allowing and condoning discrimination based on sex.

51. Plaintiff has suffered a breakdown of her personal health as a direct result of the discrimination she has been subjected to.

52. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages because of Defendant's unlawful conduct. The actions of the Defendant have caused the Plaintiff financial loss, emotional distress, and a contracted quality of life.

53. Plaintiff has been discriminated against by Defendants based on her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights act of 1991.

54. The actions of the Defendant of willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect her legal rights. Consequently, the Plaintiff is entitled to recover attorney's fees in this

case from the Defendant.

55.    As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

## GENERAL PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief after a trial by jury:

A.    Grant Plaintiff a declaratory judgment that the practices complained of herein are violative of the provisions of Title VII of the Civil Rights Act of 1964, as amended;

B.    Grant Plaintiff an order enjoining Defendant and all persons acting in concert with Defendant from engaging in discriminatory and retaliatory employment practices;

C.    Grant Plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress;

D.    Award Plaintiff her costs and expenses, including an award of reasonable attorney's fees; and,

E.    Award Plaintiff an award of hedonic damages;

F.    Award such other relief as may be appropriate.

12

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL CLAIMS TRIABLE.**

Respectfully Submitted,

/s/ Scott T. Morro
Scott T. Morro (ASB-4954-C30M)
Attorney for Plaintiff
Morro Law Center, LLC
P.O. Box 1644
Gardendale, AL 35071
Telephone: (205)631-6301
Fax: (205) 285-8542
morrowlawcenter@bellsouth.net

DEFENDANT TO BE SERVED VIA CERTIFIED U.S. MAIL

13