IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| MARY SLAUGHTER,<br><br>    **Plaintiff,**<br><br>v.<br><br>WALKER COUNTY BOARD OF EDUCATION,<br><br>    **Defendant.** | }<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}    Case No.: 6:23-cv-00624-RDP |

## MEMORANDUM OPINION

This case is before the court on Defendant Walker County Board of Education's ("the Board") Motion for Summary Judgment. (Doc. # 16). The Motion has been fully briefed. (Docs. # 16, 17, 18, 20, 23). After careful consideration, the court concludes that the Board's Motion (Doc. # 16) is due to be granted.

This case involves Plaintiff Dr. Mary Slaughter's ("Plaintiff") allegations of race discrimination, sex discrimination, and retaliation related to her employment with the Board. She alleges that because of her race and gender, she was not considered for various, unspecified positions. (Doc. # 1). She also alleges that she was retaliated against for filing charges of discrimination against the Board with the United States Equal Employment Opportunity Commission ("EEOC") in 2009 and 2010. (*Id.*).

The court has gleaned the facts set out in this opinion from the parties' submissions and the court's own examinations of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only.

They may not be the facts that could be established through live testimony at trial. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

**I.    Background**

Plaintiff is an African American woman and has been employed by the Board since approximately 1994. (Docs. # 17 ¶ 1; 18-1 at 13; 1-1 at 1). She currently holds the position of Director of Guidance and Counseling.[1] (Docs. # 17 ¶ 2; 18-1 at 17). Dr. Slaughter's responsibilities include student assessment and accountability and serving as Secondary Coordinator. (Doc. # 18-1 at 17). Dr. Slaughter holds an associate degree, a Bachelor of Science, a master's degree, an Education Specialist degree ("EdS"), and a doctoral degree. (Doc. # 18-1 at 33-35). Dr. Slaughter earned her EdS in or around 2015 or 2016 and her doctorate in August 2023. (*Id*. at 35).

Plaintiff is currently the Board's third highest-paid employee. (Docs. # 18-14 at 3-4; 18-11). Only the Superintendent, Dr. Dennis Willingham ("Dr. Willingham"), and Dr. Tanya Guin ("Dr. Guin"), a central office employee who has been employed longer than Plaintiff and has held a doctorate degree longer than Plaintiff, earn more than Plaintiff. (*Id.*). Dr. Willingham is a white man and Dr. Guin is a white woman. (Doc. # 1 ¶¶ 15, 19).

Superintendent is an elected position. In January 2019, Dr. Joel Hagood ("Dr. Hagood") became the elected Superintendent of Walker County Schools. (Doc. # 18-14 at 1). After the previous Superintendent resigned, Dr. Hagood served as the Interim Superintendent from August 2018 to December 2018. (*Id*.).

---

[1] Plaintiff's belated Opposition to Defendant's Motion for Summary Judgment only disputes one of Defendant's asserted facts: that "[s]he currently holds the position of Director of Guidance and Counseling and her responsibilities include Student Assessment and Accountability and Secondary Coordinator." (Docs. # 17 ¶ 2; 20 at 2). Plaintiff did not file any additional evidence with her Opposition, (Doc. # 20).

In July 2019, Steven Rowe ("Rowe") was named Administrative Assistant to the Superintendent. (*Id.* at 2; Doc. # 18-1 at 54-55). He remained in that position as of July 2024. (Doc. # 18-14).

Dr. Hagood resigned in December 2020. (Doc. # 18-13). Prior to December 2020, while he was Superintendent, Dr. Hagood assigned Dr. Guin the duties of Federal Programs Coordinator and Elementary Coordinator. (Doc. # 18-14 at 2). At that time, Dr. Guin already held a doctorate degree in Educational Leadership. (Docs. # 18-1 at 73-74; 18-3 at 14). The Board did not post a notice of vacancy for these responsibilities before assigning them to Dr. Guin. (Docs. # 1 ¶ 19; 17 at 23-24). Dr. Guin has held the same position since the 2019-2020 school year. (Doc. # 18-3 at 16).

Also, prior to December 2020, Dr. Willingham was Assistant Superintendent. (Docs. # 18-1 at 118; 18-14 at 1). Following Dr. Hagood's resignation in December 2020, Dr. Willingham served as Interim Superintendent from December 11, 2020 until February 2021, when the Board appointed him to complete Dr. Hagood's term of office ending on December 31, 2022. (Doc. # 18-13).

Plaintiff did not apply for the Interim Superintendent position or notify the Board of her interest in the position. (Doc. # 18-1 at 91).

Plaintiff mentions five other present or former Board employees in her Complaint – Patrick Gann ("Gann"), Brad Elliot ("Elliot"), Zach Hadder ("Hadder"), Margaret Guthrie ("Guthrie"), and Dr. Rhonda Davidson ("Dr. Davidson") (Doc. # 1 ¶ 21) – all of whom are white and received pay raises at a time when Plaintiff did not. (Doc. # 17 ¶ 25). However, all of these employees earn less that Plaintiff. (Docs. # 18-6; 18-14 at 3-4; 18-11). Furthermore, Plaintiff received pay

3

increases in 2013, 2015, 2016, 2018, 2019, 2021, 2022, and 2023. (Docs. # 18-11; 18-12; 18-14 at 3).

As of January 25, 2024, Gann held the titles of Technology Coordinator, Handbook and Calendar Coordinator, and School Safety Coordinator. (Doc. # 18-6 at 1). Guthrie held the titles of Health Nurse and Health Services Coordinator. (Doc. # 18-6 at 1). Elliot was the Board's Senior Wide Area Network Manager until his resignation on February 4, 2022. (*Id.*). Hadder is currently the Senior Wide Area Network Manager, but previously held the title of Junior Wide Area Network Manager. (*Id.*). Dr. Davidson was the Principal of Sumiton Elementary School until her retirement on December 1, 2023. (*Id.*).

Plaintiff complains that she was excluded from the interview process for positions in her chain of command. (Doc. # 18-1 at 139-42). She has not identified these positions, nor the candidates and dates that interviews for these positions took place. (*Id.* at 147-48). However, she estimates that this occurred three or four years before her deposition in April 2024. (*Id.*).

Plaintiff claims that she was not allowed to participate in professional development meetings for counselors who were under her chain of command. (Doc. # 18-1 at 155). However, she acknowledged that had not been excluded from anything in the two years before her April 2024 deposition. (*Id.* at 156-57).

On November 3, 2021, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. (Doc. # 1-1). In 2009 and 2010, respectively, Plaintiff previously had filed two separate EEOC charges against the Board. (Doc. # 1-1 at 2). In her 2021 charge, Plaintiff checked the boxes for race and sex discrimination and retaliation. (*Id.* at 2). Plaintiff alleged that she was denied unspecified advancement opportunities from 2018 to the date of the charge because of her race, and was excluded from advancement opportunities because of

her 2009 and 2010 EEOC charges. (*Id*. at 3). Specifically, Plaintiff noted that "[i]n January/May of 2021" Dr. Guin and Steve Rowe, both Caucasian, were assigned additional responsibilities that were not posted and received pay increases. (*Id*.). She asserted that in July and October 2021, she was not allowed to participate in a superintendent conference that Caucasians attended. (*Id*.). And, she alleged that in May/June 2021 the Board approved a pay increase for her, but she does not believe that rectified past discriminatory treatment of her. (*Id*. at 4).

On May 18, 2023, Plaintiff filed her Complaint. (Doc. # 1). Plaintiff's Complaint is silent as to when her notice of right to sue was issued, although she alleges that she filed her Complaint within ninety (90) days of receiving that notice. (Doc. # 1 at ¶ 9). The notice of right to sue is not in the Rule 56 record. (Doc. # 18).

## II.     Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, Rule 56 requires the non-moving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Allen v. Bd. of Pub.*

*Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314 (11th Cir. 2007); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). As *Anderson* teaches, under Rule 56(c) a plaintiff may not simply rest on his allegations made in the complaint; instead, as the party bearing the burden of proof at trial, he must come forward with at least some evidence to support each element essential to his case at trial. *See Anderson*, 477 U.S. at 252. "[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 248 (citations omitted).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing *Anderson*, 477 U.S. at 250-51). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249..

**III.    Analysis**

Plaintiff asserts the following Title VII claims against the Board: race discrimination (Count One), retaliation (Count Two), and sex discrimination (Count Three). (Doc. # 1). The Board argues that it is entitled to summary judgment on all of Plaintiff's claims because (1) Plaintiff's claims regarding events that occurred prior to May 5, 2021 are time barred; (2) Plaintiff has failed to make out a prima facie case of discrimination or establish a convincing mosaic of circumstantial evidence as to her discrimination claims; and (3) Plaintiff has failed to make out a prima facie case of retaliation. The court evaluates Plaintiff's claims below.[2]

**A.    Plaintiff Has Not Identified Any Adverse Actions For Which Her EEOC Charge Was Timely**

"As a prerequisite to bringing suit under Title VII, a charge must be filed with the EEOC within 180 days of the date of the act giving rise to the charge." *Calloway v. Partners Nat. Health Plans*, 986 F.2d 446, 448 (11th Cir. 1993) (citing 42 U.S.C.A. § 2000(e)-5(e)). Plaintiff filed an EEOC charge regarding the events that form the basis of her Complaint on November 3, 2021.

---

[2] Having closely examined Plaintiff's Complaint as part of its ruling on this motion, the court notes that it is critically deficient in at least two regards.

First, it is a shotgun pleading. While there is no precise formula as to what constitutes a "shotgun" pleading, a complaint falls within this category if it: (a) includes multiple counts that each adopt the allegations of all preceding counts; (b) contains "conclusory, vague, and immaterial facts" unconnected to a particular cause of action; (c) fails to divide different claims into separate counts; or (d) alleges "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). Each count of Plaintiff's Complaint adopts and realleges all previous allegations into each count and thus constitutes the first type of shotgun pleading.

Second, the complaint simply does not plausibly state a claim. The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not satisfy Rule 8, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id*. at 555, 557. Here, Plaintiff's Complaint is devoid of any non-conclusory factual allegations.

The Complaint is due to be dismissed for these reasons alone.

(Doc. # 1-1). Thus, the charge was not timely filed with regard to any events that occurred prior to May 7, 2021,[3] and any of Plaintiff's claims regarding those events are time barred.[4]

Plaintiff has conceded that a claim regarding incidents before May 7, 2021 is time barred. (Doc. # 20 at 3). Rowe was assigned the position of Administrative Assistant to the Superintendent in 2019. (Docs. # 18-1 at 54-55; 18-14 at 2). Dr. Guin became the Federal Programs Director and Elementary School Coordinator in 2019. (Doc. # 18-14 at 2).

In addition, Plaintiff has not disputed that "Reading Coach Coordinator and Literacy Coordinator are not standalone jobs, but areas of responsibility within the Elementary Coordinator's duties." (Doc. # 17 at 17 (citing Doc. # 18-14 at 2)).

Therefore, Plaintiff's claims regarding Dr. Guin's and Rowe's positions are time barred.

### B.   Plaintiff Has Failed To Establish Her Discrimination Claims

Counts One and Three of Plaintiff's Complaint allege that Plaintiff was discriminated against because of her race and sex. (Doc. # 1 ¶¶ 31-39, 48-55). Complicating the court's analysis of these claims, however, is the fact that the Complaint does not specify on which allegedly discriminatory adverse actions taken against her that her claims are based. (*Id.*). Nor is her counsel's belated response to Defendant's Motion for Summary Judgment helpful. (Docs. # 19, # 20 at 3-5). It does not identify the decisions on which Plaintiff's claims are based. (Doc. # 20).

---

[3] To be clear, the Board notes that its "calculation of the 180-day time limit is May 5, 2021, but the difference in the dates is of no consequence as Plaintiff does not contend that any employment action occurred on May 6 or 7, 2021." (Doc. # 23 at 1 n.1).

[4] As Dr. Slaughter correctly notes, the court may still consider her allegations regarding events that occurred before May 7, 2021 as "background information." (Doc. # 20 at 3). "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges," but "[t]he existence of past acts and the employee's prior knowledge of their occurrence . . . does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). "Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim." *Id*.

Even if Plaintiff had identified any adverse employment actions for which her EEOC charge was timely (and, to be clear, she has not), to prevail on her disparate treatment claim, she would be required to show that an employer intentionally discriminated against her on the basis of a protected characteristic. *Equal Emp. Opportunity Comm'n v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1024 (11th Cir. 2016) (citing *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009)). When a plaintiff "attempts to prove discriminatory intent by circumstantial evidence," as Plaintiff does here, "[her] claims are subject to the *McDonnell Douglas* methods of proof." *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005) (citing *Richardson v. Leeds Police Dep't*, 71 F.3d 801, 805 (11th Cir. 1995)). However, "[a] plaintiff who cannot satisfy [the *McDonnell Douglas*] framework may still be able to prove her case with . . . a 'convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker.'" *Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 946 (11th Cir. 2023) (quoting *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1327-28 (11th Cir. 2011)).

"To prove a prima facie case in the failure-to-hire context," *McDonnell Douglas* requires "the plaintiff [to] demonstrate that (1) she was a member of a protected class; (2) she applied to and was qualified for an available position; (3) she was not hired; and (4) the position remained open or was filled by another person outside of her protected class. *Smith v. Vestavia Hills Bd. of Educ.*, 791 F. App'x 127, 132 (11th Cir. 2019) (citing *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1273 (11th Cir. 2002)). "However, when an employer does not formally announce a position, but rather uses informal and subjective procedures to identify a candidate, a plaintiff need not show under the second prong that he applied for the position – only that the employer had some reason to consider him for the post." *Vessels*, 408 F.3d at 768 (citing *Jones v. Firestone Tire & Rubber Co.*, 977 F.2d 537, 533 (11th Cir. 1992)).

A plaintiff alleging disparate treatment regarding compensation may establish a prima facie case under *McDonnell Douglas* by showing that "(1) she is a member of a protected class; (2) she was subject to an adverse employment action; (3) her employer treated similarly situated employees who are not members of the plaintiff's class more favorably; and (4) she was qualified for the job or job benefit at issue." *Gillis v. Ga. Dept. of Corrections*, 400 F.3d 883, 887 (11th Cir. 2005) (quoting *Rice–Lamar v. City of Fort Lauderdale*, 232 F.3d 836, 842-43 (11th Cir. 2000)). The Eleventh Circuit has "indicated before that actions that affect compensation are considered adverse employment actions." *Id*. (discussing *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571 (11th Cir. 2000); *McCabe v. Sharrett*, 12 F.3d 1558 (11th Cir. 1994)).

If a plaintiff establishes "the elements of the prima facie case, the burden shifts to the employer to articulate a non-discriminatory basis for its employment action." *Springer v. Convergys Customer Mgmt. Grp. Inc.*, 509 F.3d 1344, 1347 (11th Cir. 2007) (citing *Tex. Dept. of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981)). "If the employer meets this burden, the plaintiff must show that the proffered reasons were pretextual." *Id*. (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993)).

Even if a plaintiff cannot satisfy the *McDonnell Douglas* framework, she may still survive summary judgment if she "establish[es] a convincing mosaic by pointing to evidence that demonstrates, among other things, (1) suspicious timing, ambiguous statements, or other information from which discriminatory intent may be inferred, (2) 'systematically better treatment of similarly situated employees,' and (3) pretext." *Jenkins v. Nell*, 26 F.4th 1243, 1250 (11th Cir. 2022) (quoting *Lewis v. City of Union City*, 934 F.3d 1169, 1185 (11th Cir. 2019)).

Based on a generous reading of Plaintiff's deposition testimony, it appears that she asserts that Dr. Guin's pay, Gann's promotion to Technology Coordinator, and the pay raises awarded to

10

Dr. Willingham, Hadder, Elliot, Guthrie, and Dr. Davidson form the basis of her disparate treatment claim. (*See* Doc. # 18-1 at 89-91, 109-10, 115-16). Interestingly, the Rule 56 record does not reveal the dates on which these actions were taken, so the court will assume without deciding that Plaintiff's EEOC charge is timely as to them.

As to Dr. Guin, whose salary is higher than Plaintiff's, Plaintiff cannot establish that she and Dr. Guin are similarly situated. Dr. Guin was employed by the Board before Plaintiff, and has held her PhD for seven years longer than Plaintiff. (Docs. # 18-6; Doc. 18-3, p. 14; Doc. 18-1, 35). Plaintiff only obtained her doctorate in 2023, after she filed her EEOC charge and after this case had already been filed. (Docs. # 1; 18-1 at 35).

As to the Board's selection of Patrick Gann for the position of Technology Coordinator, Plaintiff has not shown that she was qualified for the position. Plaintiff testified that she would have been qualified for "the technology jobs" – seemingly referring to the positions held by Patrick Gann, Brad Elliot, and Zach Hadder – *if* she obtained additional training. (Doc. # 18-1 at 123-25). Thus, by her own admission, Plaintiff has failed to establish the second element of the *McDonnell Douglas* framework with respect to any claim that the Board's failure to give her the title of Technology Coordinator was discriminatory.

If Plaintiff had properly pled a claim of disparate treatment regarding the raises given to Brad Elliot, Zach Hadder, Margaret Guthrie, and Rhonda Davis, that claim would also fail to satisfy the *McDonnell Douglas* framework. In the context of disparate treatment claims related to compensation, a plaintiff can satisfy the framework by showing that "(1) she is a member of a protected class; (2) she was subject to an adverse employment action; (3) her employer treated similarly situated employees who are not members of the plaintiff's class more favorably; and (4)

11

she was qualified for the job or job benefit at issue." *Gillis*, 400 F.3d at 887 (quoting *Rice–Lamar*, 232 F.3d at 842-43).

Plaintiff has not provided evidence that any of these employees are "similarly situated" to her or were treated "more favorably" than her. Although these employees may have received pay increases at times when Plaintiff did not, the record shows she actually was treated more favorably than them because she was paid more than they were. Moreover, Plaintiff received pay increases in each of 2013, 2015, 2016, 2018, 2019, 2021, 2022, and 2023. (Docs. # 18-11; 18-12; 18-14 at 3).

"Aside from the *McDonnell Douglas* framework, an employee can still survive summary judgment by presenting . . . 'a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker.'" *Jenkins*, 26 F.4th at 1250 (quoting *Smith*, 644 F.3d at 1328). "A plaintiff may establish a convincing mosaic by pointing to evidence that demonstrates, among other things, (1) suspicious timing, ambiguous statements, or other information from which discriminatory intent may be inferred, (2) 'systematically better treatment of similarly situated employees,' and (3) pretext." *Id*. (quoting *Lewis,* 934 F.3d at 1185). It is important to note that "[t]he convincing mosaic approach is – in its entirety – the summary judgment standard." *McCreight v. AuburnBank*, 117 F.4th 1322, 1335 (11th Cir. 2024). As the Eleventh Circuit has recently reiterated, the phrase "convincing mosaic" "is a metaphor, not a legal test and not a framework." *Id.* at 1335 (quoting *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1311 (11th Cir. 2023)). Rather, the convincing mosaic "approach to analyzing the evidence treats an employment discrimination suit in the same way we would treat any other case – jumping directly to the ultimate question of liability and deciding whether the moving party is entitled to judgment at that stage of the case." *Id*. (quoting *Tynes*, 88 F.4th at 947).

Plaintiffs' pay claims also fail under the "convincing mosaic" approach. Plaintiff is the third highest paid Board employee, behind only the elected Superintendent and a longer term employee who has possessed her doctorate degree for seven years longer than Plaintiff (who only obtained her doctorate in 2023, after this case had already been filed). (Docs. # 1; 18-1 at 35).

Plaintiff has offered no evidence of "systematically better treatment of similarly situated employees." *Lewis*, 934 F.3d at 1185. The Rule 56 record is devoid of any evidence of a discriminatory intent on the part of the Board. Plaintiff's membership in two protected classes is all the record reflects, but that alone does not satisfy her burden on summary judgment. Accordingly, the Board is entitled to summary judgment in its favor on Plaintiff's discrimination claims.

## C.     Plaintiff Has Failed To Establish a Retaliation Claim Under Title VII

"To establish a prima facie case of retaliation under Title VII, the plaintiff must show (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there is some causal relation between the two." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007) (citations omitted). An adverse employment action is an action that "might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68 (2006) (citations omitted). "If a plaintiff establishes a prima facie case of retaliation and the employer proffers a legitimate, non-discriminatory reason for the adverse employment action, the plaintiff must then demonstrate that the employer's proffered explanation is a pretext for retaliation." *Watson v. Kelley Fleet Servs., LLC*, 430 F. App'x 790, 791 (11th Cir. 2011) (citing *Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir. 1997) (abrogated on other grounds)).

Plaintiff engaged in protected activity when she filed EEOC charges against the Board in 2009 and 2010. *See Smith v. City of Fort Pierce, Fla.*, 565 F. App'x 774 (11th Cir. 2014). However, Plaintiff has failed to present substantial evidence that the adverse action and casual relation elements of her retaliation claim. Plaintiff has not pointed to any evidence that the Board took any adverse employment action against her. In her response, she simply states that she "suffered multiple adverse employment actions by being passed over for promotion to lucrative career building titles over a number of years." However, "[u]nsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987). Plaintiff does not identify the "lucrative career building titles" for which she was passed over or when these decisions were made. Nor has she shown that the Board's failure to award her those unidentified titles would "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Burlington*, 548 U.S. at 68. Based on the Rule 56 record, the court cannot conclude that Plaintiff has any viable retaliation claim, much less a timely one.

Even if Plaintiff had demonstrated a timely and actionable adverse action, she has not established a causal connection between any such action and her earlier EEOC charges. To prove a causal connection, a plaintiff must demonstrate "that that the protected activity and the adverse action were not *wholly unrelated*." *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999) (emphasis in original) (citing *Clover v. Total System Services*, 176 F.3d 1346, 1354 (11th Cir. 1999)). The Eleventh Circuit has held that this element is satisfied if the decision-maker was aware of the protected conduct and there was close temporal proximity between this awareness and the adverse employment action. *Id.* (emphasis added) (finding close temporal proximity where an employer terminated an employee seven weeks after the employer learned of the employee's complaint). "But mere temporal proximity, without more, must be 'very close.'" *Thomas v. Cooper*

14

*Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (citing *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)).

"[I]n the absence of other evidence tending to show causation, if there is a substantial delay between the protected expression and the adverse action, the complaint of retaliation fails as a matter of law." *Id*. (citations omitted) ("A three to four month disparity between the statutorily protected expression and the adverse employment action is not enough."). The calculation of temporal proximity begins "on the date the employer gains knowledge of the protected expression." *Raspanti v. Four Amigos Travel, Inc*., 266 F. App'x 820, 823 (11th Cir. 2008) (internal quotation marks omitted) (citing *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004)).

Plaintiff's previous EEOC Charges were filed in 2009 and 2010. In order for the EEOC Charge on which her current Complaint is based to be timely, an alleged adverse action must have occurred after May 7, 2021. But, that is over a decade after the original EEOC Charges were filed.

Plaintiff has pointed to no evidence of causality other than the fact that she filed two EEOC charges in 2009 and 2010 and that three Board members were aware of those charges. There is an eleven-to-twelve-year gap between the EEOC charges and the (unspecified) actions she purports to complain about. This substantial delay negates any inference of causation. And there is literally nothing else in the record suggesting a retaliatory motive. Therefore, Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

**IV.     Conclusion**

Plaintiff has failed to raise a genuine issue of material fact on any of her claims. For this and all the reasons discussed above, Defendant's Motion for Summary Judgment (Doc. # 16) is due to be granted. A separate order will be entered.

**DONE** and **ORDERED** this February 28, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE